UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARITZA ESQUIVEL and ELVA ESQUIVEL,

         **COMPLAINT**

      Plaintiffs,

    -against-       Docket No.: 14-cv-6514

THE CITY OF NEW YORK, JOHN and
JANE DOE 1 through 40, individually and
in their official capacities ( the names John
and Jane Doe being fictitious, as the true    **JURY TRIAL**
names are presently unknown),       **REQUESTED**

      Defendants.
----------------------------------------------------------------X

   Plaintiffs **MARITZA ESQUIVEL** and **ELVA ESQUIVEL**, by their

attorneys, **MADUEGBUNA COOPER LLP**, respectfully allege as follows:

### NATURE OF THE ACTION

  1. In this case, the mother of three young children had her apartment

unlawfully raided by agents of the City of New York ("CITY") during the pre-

dawn hours of November 26, 2013. Allegedly serving a no-knock warrant,

paramilitary employees of Defendant CITY rammed open the apartment door and

terrified the sleeping family inside. During the search, the law enforcement agents

appeared confused about which apartment they were in and the suspect they

claimed to be pursuing. Due to trauma caused by the raid, the family never again

felt safe in their apartment and have since moved out of the New York City area.

2.      This action arises under the Constitution of the United States, including the Fourth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988.

3.      This is also an action for assault and battery, excessive force, false arrest, false imprisonment, unlawful search and seizure, unlawful detention, negligent and intentional infliction of emotional distress under the laws of New York State.

**JURISDICTION and VENUE**

4.      This court has jurisdiction over this action pursuant to 28 USC §§ 1331 and 1343.

5.      This Court has supplemental jurisdiction over the state causes of action.

6.      Venue is placed in this district pursuant to 28 U.S.C. § 1391(b) because it is where all the parties resided at the time of the incident and where the events complained of occurred.

## CONDITIONS PRECEDENT

7.     Notice of Plaintiffs' claims and Notice of Intention to Sue for the state causes of action pled herein was duly served upon Defendant CITY on or about January 23, 2014.

8.     A hearing pursuant to §50 (h) of the General Municipal Law was held on March 26, 2014.

9.     More than 30 days have elapsed since the Notice of Claim was served upon the CITY, and the CITY has neglected or refused to make any adjustment or payment thereof.

10.    This action is commenced within one year and ninety days after the cause of action arose.

## THE PARTIES

11.    Plaintiffs were lawful residents of Brooklyn, New York at the time of the incident.

12.    Plaintiff MARITZA ESQUIVEL is a Hispanic female, and as of November 26, 2013, she was 28 years old.

13.    Plaintiff ELVA ESQUIVEL is a Hispanic female, and as of November 26, 2013, she was 51 years old.

14.    Defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.    At all times hereinafter mentioned, Defendant CITY operated, maintained, managed, supervised and controlled a police department, specifically the New York Police Department ("NYPD"), as part of and in conjunction with its municipal functions.

16.    At all times hereinafter mentioned, JOHN and JANE DOE 1-40 ("Doe Defendants" or the "individual defendants") were duly sworn police officers or other employees of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

17.    At all times hereinafter mentioned, Defendant CITY, its servants, agents and/or employees, including the Doe Defendants, were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York and the CITY.

18.    At all times hereinafter mentioned, all of Defendants' alleged acts were done while acting within the scope of their employment by Defendant CITY.

## THE FACTS

19.    At approximately 6:50 A.M. on November 26, 2013, Plaintiff MARITZA ESQUIVEL was awoken suddenly in her home, along with her three children and two dogs, by the sounds of persons breaking open her apartment door while her mother, Plaintiff ELVA ESQUIVEL, was in the living room.

20.    Hearing the loud booming from outside her bedroom door, Plaintiff MARITZA ESQUIVEL, fearing for her children's safety, leapt out of bed and tried to exit her bedroom.

21.    Without warning, she was quickly rushed by men dressed in black with long rifles and pushed with a police riot shield backwards into her bedroom.

22.    The men in black told her get on the floor with a gun pointed at her, as she was surrounded by persons dressed in all black clothing wearing helmets and holding shields.

23.    On the bedroom floor crying and worried about her children, Plaintiff MARITZA ESQUIVEL was handcuffed.

24.    She was then moved into the living room of her apartment.

25.    Once the men in black moved her into the living room, MARITZA ESQUIVEL saw her children and mother, ELVA ESQUIVEL, surrounded by individuals dressed in black clothing and holding large rifles.

26.    Her children were terrified and crying.

27.    Eventually, a group of CITY detectives entered the apartment and the men in black with large rifles left the apartment.

28.    Plaintiffs were then ordered to sit in the living room while the police officers ransacked their apartment for a period of hours.

29.    Plaintiff ESQUIVEL was next separated from her children and mother, and taken back into her bedroom where she was interrogated by Police Officers while handcuffed for approximately one hour.

30.    During the search, Plaintiff MARITZA ESQUIVEL asked the Police Officers why they were in the apartment and told them they had the wrong address.

31.    In response, a Police Officer, John Doe #1, showed Plaintiff MARITZA ESQUIVEL a document.

32.    John Doe #1 appeared to be a short, medium to heavy-build Hispanic male.

33.    Looking at the paper, Plaintiff MARITZA ESQUIVEL saw that her address – 198 Bond Street, Apt. 3D – was not listed. Instead, a different downstairs apartment was written.

34.    Plaintiff MARITZA ESQUIVEL pointed this out to John Doe #1.

35.    The Police Officer John Doe # 1 responded in sum and substance, "Oh, no, it's this" and showed her another document with her address.

36.    The police officer asked if she knew he husband, David McBride, was on parole. Plaintiff MARITZA ESQUIVEL responded that she did.

37.    While they searched, the police officers allowed Plaintiff ELVA ESQUIVEL to leave the apartment with MARITZA ESQUIVEL's three young children so they could attend school.

38.    However, when Plaintiff ELVA ESQUIVEL and the three children left the apartment, Plaintiff MARITZA ESQUIVEL remained inside the apartment handcuffed.

39.    The Police Officers uncuffed Plaintiff MARITZA ESQUIVEL and left her apartment approximately two hours after breaking her door open.

40.    Right before leaving, the officers threatened Plaintiff, ominously stating that they would be coming back to her apartment.

41.    MARITZA ESQUIVEL missed work and lost wages as a result of the raid.

42.    Plaintiffs MARITZA ESQUIVEL and ELVA ESQUIVEL spent several days cleaning and re-organizing the apartment after DEFENDANTS' raid.

43.    As a result of the raid, a clothing dresser was broken and food taken out of the refrigerator and placed on a high shelf by the officers was spoiled.

44.    One of Plaintiff's dogs, Guapo, was severely alarmed, defecated throughout the room, and attempted to jump out the window. As a result of the raid, the family pet developed marked nervousness.

45.    Afterward, Plaintiff MARITZA ESQUIVEL was fearful inside her home and no longer wanted to live in Brooklyn due to the threat that the Police Officers would return at some unknown time.

46.     Plaintiff and her family also relocated to North Caroline due to the anxiety and fear caused by Defendants' unlawful raid and their inability to enjoy their apartment or Brooklyn as they did prior to the raid.

47.     Plaintiffs are afraid to leave the children alone and were even fearful while showering in the apartment.

48.     Plaintiffs did nothing to provoke or make appropriate or lawful the assault, battery, false arrest and imprisonment and constitutional violations committed by Defendants.

49.     Defendants' tortious conduct and actions were taken without legal basis or just cause. If it occurred under cover of a warrant, then the warrant was defective and the result of shoddy and incomplete police work and/or a fraud on the Court.

50.     Defendants acted recklessly and with gross negligence, showing a deliberate indifference to Plaintiffs' rights under state and federal law.

51.     The above violations of Plaintiffs' rights occurred in the presence of multiple other NYPD police officers. Yet, the officers failed to intercede to prevent the further violation of Plaintiffs' rights.

52.     The unlawful search and seizure of Plaintiffs and their home was initiated without probable cause and without a valid search warrant. If a warrant existed, the warrant was defective, illegitimate or erroneous, or was obtained

8

through fraud or deceit upon the Court or was the result of reckless and grossly negligent police work that showed a deliberate disregard for Plaintiffs' rights under state and federal law.

53.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees.

54.    This unlawful raid was not an isolated incident. Defendant CITY is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau and the CITY's Civilian Complaint Review Board) that many NYPD officers, including the Defendants, are insufficiently trained regarding the use of force; the proper way to execute search warrants and investigate an incident; how to treat innocent and/or uninvolved individuals who are found at a location of an execution of a search warrant; and how to conduct no-knock raids on residences so as not to have these raids executed at the wrong residence.

55.    Defendant CITY is further aware that such improper training has often resulted in civil right violations. Despite such notice, Defendant CITY has failed to take corrective action. This failure caused the officers in the present case to violate the Plaintiff's civil rights.

56.     Moreover, upon information and belief, Defendant CITY was aware prior to the incident that the individual Defendants lacked the objectivity, temperament, maturity, discretion, disposition to be employed as Police Officers. Despite such notice, Defendant CITY has retained these officers and failed to adequately train and supervise them.

57.     Up until the present time, Defendant CITY has not provided Plaintiffs with any explanation for violating their constitutional and civil rights. Neither has Defendant CITY apologized to Plaintiffs for its conduct.

**FIRST CAUSE OF ACTION**
(Denial of Benefit of Laws in Violation of 42 U.S.C. § 1981)

58.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

59.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

60.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

61.     The acts complained of were carried out by the aforementioned individual defendants as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendants CITY and NYPD, which is forbidden by the Constitution of the United States.

63.     Defendants knew that their conduct was unlawful and in violation of the regulations, policies, and procedures of the Defendants CITY and NYPD.

64.     Additionally, because of Plaintiffs' race Defendants intentionally ignored the regulations and procedures governing their conduct.

65.     All of the aforementioned acts deprived Plaintiffs, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, and Fourteenth Amendment to the Constitution of the United States, and in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991) and 42 U.S.C. § 1983.

66.     The conduct of Defendants was knowingly undertaken with the intent to deny Plaintiffs their right to full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991) because of Plaintiffs' race.

67.     The direct and proximate result of the acts of the Defendants is that Plaintiffs have suffered personal injuries, loss of liberty, dignity and sanctuary, mental anguish, pain and suffering, loss of peace and enjoyment and violation of their civil rights and were forced to endure pain and mental suffering.

68.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

## SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

69.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

70.     Defendants committed an illegal entry by entering Plaintiffs' home without legal basis and just cause. Defendants assaulted, battered, arrested, searched, seized and detained Plaintiffs, which was also illegal and without just basis or legal authority in violation of their constitutional rights under federal and state laws.

71.     Defendants caused Plaintiffs to be falsely arrested and unlawfully imprisoned.

72.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

## THIRD CAUSE OF ACTION
(Excessive Force Under 42 U.S.C. § 1983)

73.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

12

74.     The level of force Defendants employed was excessive, objectively unreasonable, and violated Plaintiffs' constitutional rights.

75.     As a result of the conduct of Defendants, Plaintiffs were subjected to excessive force.

76.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

## FOURTH CAUSE OF ACTION
(Failure to Intercede under 42 U.S.C. § 1983)

77.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

78.     Defendants had an affirmative duty to intervene on behalf of Plaintiffs, whose constitutional rights were violated in their presence by other police officers.

79.     The Defendants failed to intervene to prevent the unlawful conduct described.

80.     As a result of the foregoing, Plaintiffs were falsely arrested, their liberty was restricted for an extended period, they were put in fear of their safety, and were humiliated and threatened by police officers with armored weapons.

81.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

## FIFTH CAUSE OF ACTION
### (Violation of Equal Protection Clause under 42 U.S.C. § 1983)

82.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

83.     The Defendants falsely arrested Plaintiffs, their liberty was restricted for an extended period, they were put in fear of their safety and they were humiliated in the presence of other officers because of their national origin and/or race, but Defendants failed to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by other police officers.

84.     As a result, Plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

85.     By reason of the foregoing, Plaintiffs have suffered loss and damage.

## SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

86.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

87.     The supervisory defendants personally caused Plaintiffs' constitutional injury by being deliberately indifferent or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees. The failure to supervise led directly to the incident that harmed Plaintiffs.

88.    By reason of the foregoing, Plaintiffs have suffered loss and damage.

## SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

89.    Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

90.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality or authority, forbidden by the U.S. Constitution.

91.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but are not limited to, subjecting citizens to excessive force, false arresting and imprisoning individuals, arresting citizens without probable cause, committing perjury and manufacturing evidence in an effort to obtain search warrants. In addition, Defendant CITY engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs rights as described herein.

92.    As a result of the failure of the CITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, Defendant CITY has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

15

93.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiffs.

94.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYPD were the direct and proximate cause of the constitutional violations Plaintiffs suffered as alleged herein.

95.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYPD were the moving force behind the constitutional violations suffered by the Plaintiffs as alleged herein.

96.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYPD constitutional violations Plaintiffs suffered as alleged herein, Plaintiffs were falsely arrested and imprisoned, their liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and were subjected to excessive force because of their national origin and/or race, and Defendants failed to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by other police officers.

97.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs' constitutional rights.

16

98.   By reason of the foregoing, Plaintiffs have suffered loss and damage.

## EIGHTH CAUSE OF ACTION
### (Assault under the Laws of The State of New York)

99.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

100.   Upon entering Plaintiffs' home and approaching each of the Plaintiffs, the police officers, employees of Defendant CITY, made Plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

101.   These acts were excessive, unwarranted, unnecessary and violent and violated Plaintiffs' rights under the United States Constitution and constituted an assault under New York State law.

102.   By reason of the foregoing, Plaintiffs have suffered loss and damage.

## NINTH CAUSE OF ACTION
### (Battery under the Laws of The State of New York)

103.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

104.   The Police Officers, employees of Defendant CITY, assaulted, battered, intimidated, threatened, menaced, shoved and pushed Plaintiffs.

105.   The aforesaid conduct of the Police Officers was without the consent of Plaintiffs.

106.   The aforesaid conduct of the Police Officers was offensive in nature.

107.   The aforesaid conduct of the Police Officers was intentional.

108.   The aforesaid conduct of the Police Officers was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to the plaintiffs.

109.   The aforementioned acts were excessive, unwarranted, unnecessary and violent and violated Plaintiffs' rights under the United States Constitution and constituted battery under New York State law.

110.   By reason of the foregoing, Plaintiffs have suffered loss and damage.

## TENTH CAUSE OF ACTION
(False Arrest/False Imprisonment under the Laws of The State of New York)

111.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

112.   Defendants wrongfully and falsely accused Plaintiffs of committing an offense in violation of the laws of the State of New York.

113.   Defendants knew that the charge was false, yet they arrested and imprisoned Plaintiffs.

114.   The said false arrest and imprisonment were effected by Defendants without legitimate basis, lawful cause, a warrant based on proper and lawful investigation and full and accurate disclosure of information to the Court.

115. Defendants wrongfully and unlawfully, without probable or reasonable cause, arrested and imprisoned the plaintiffs, and with full force of arms they forcibly seized, laid hold of and compelled Plaintiffs to be detained and imprisoned for a period of hours.

116. Defendants, acting within the scope of their authority and employment, detained and imprisoned the plaintiffs, even though the Defendants had the opportunity to know or should have known that the charge alleged against the Plaintiffs was false and the warrant was erroneous and defective and based on shoddy and incomplete investigation, reckless conduct, deliberate indifference, and fraud and deceit perpetrated upon the Court.

117. Plaintiffs were innocent of the charge and did not contribute to the conduct of the Defendants, and were forced by the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against their wills.

118. Defendants, on the aforementioned date, time and place, intended to confine the Plaintiffs; Plaintiffs were conscious of the confinement; Plaintiffs did not consent to the confinement; and the confinement was not otherwise privileged.

119. By reason of the false arrest, imprisonment and detention of the plaintiffs, Plaintiffs were subject to great indignities, humiliation and ridicule in being so detained, and greatly injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their

necessary affairs and business, and were caused to suffer pain in both mind and body.

120.   By reason of the aforesaid, Plaintiffs have suffered loss and damage.

## ELEVENTH CAUSE OF ACTION
### (Unreasonable Search and Seizure under the Laws of The State of New York)

121.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

122.   Defendants unlawfully and knowingly broke into Plaintiffs' apartment without a valid search warrant.

123.   Defendants unlawfully and knowingly represented to Plaintiffs that a valid search warrant had been obtained.

124.   Defendants unlawfully searched Plaintiffs' apartment, leading to damage to Plaintiffs' property.

125.   By reason of the aforesaid Plaintiffs have suffered loss and damage.

## TWELFTH CAUSE OF ACTION
### (Infliction of Emotional Distress under the laws of the State of New York)

126.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

127.   The aforementioned acts of Defendants towards Plaintiffs were extreme and outrageous and exceeded all reasonable bounds of decency.

128.   The aforementioned acts were committed by Defendants while acting within the scope of their employment with Defendant CITY.

129.   The aforementioned acts were committed by Defendants while acting in furtherance of their employment with Defendant CITY.

130.   Defendants acted recklessly and/or with the intent and sole purpose of causing Plaintiffs severe emotional distress.

131.   As a direct and proximate result of Defendants' actions, Plaintiffs suffered extreme humiliation, shame, embarrassment, and mental and emotional distress.

132.   By reason of the aforesaid, Plaintiffs have suffered loss and damage.

## THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under laws of the State of New York)

133.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

134.   Upon information and belief, Defendant CITY failed to use reasonable care in the screening, hiring, and retention of the aforesaid defendants who conducted and participated in the acts complained of herein.

135.   Defendant CITY knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct complained of herein.

136.   As a direct and proximate cause of the foregoing, Plaintiffs suffered loss and damage.

## FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

137.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

138.   Upon information and belief, Defendant CITY failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts complained of herein.

139.   As a direct and proximate cause of the foregoing, Plaintiffs suffered loss and damage.

## FIFTEENTH CAUSE OF ACTION
### (Negligence under the laws of The State of New York)

140.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

141.   Plaintiffs' injuries were caused by the carelessness, recklessness, negligence and gross negligence of Defendant CITY and its employees and agents, who were on duty and acting in the course of their employment when they engaged in the wrongful conduct complained of herein.

142.   As a direct and proximate cause of the foregoing, Plaintiffs suffered loss and damage.

## SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* under the laws of The State of New York)

143.   Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

144.   Defendant CITY is vicariously liable, under the common law, for the aforesaid tortious acts of the individual defendants who were on duty and acting in the course of their employment when they engaged in the wrongful conduct complained of herein.

145.   Plaintiffs' injuries result from Defendant CITY's unspoken custom of acquiescence of the aforesaid tortious acts of the individual defendants.

146.   By reason of the aforesaid, Plaintiffs have suffered loss and damage.

## REQUEST FOR PUNITIVE DAMAGES

147.   Because the acts taken by the individual defendants toward Plaintiffs were carried out in a reckless, grossly negligent manner, with conscious disregard and deliberate indifference to Plaintiffs' rights, Plaintiffs request the assessment of punitive damages in an amount appropriate to punish and make an example of the individual Defendants.

## REQUEST FOR ATTORNEYS FEES AND COSTS

148.   If Plaintiffs prevail, they are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. **§** 1988.

**WHEREFORE**, judgment is respectfully demanded:

a.      Awarding as against Defendants such punitive damages as the jury may determine;

b.      Awarding as against Defendants such compensatory damages, as the jury may determine;

c.      Awarding costs and reasonable costs and attorney's fees; and

d.      Granting such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 31, 2014

                        MADUEGBUNA COOPER LLP
                        Attorneys for Plaintiffs
                  By:   Samuel O. Maduegbuna, Esq. (SM 6084)
                        30 Wall Street, 8th Floor
                        New York, NY 10005
                        (212) 232-0155

To:   THE CITY OF NEW YORK
      c/o Corporation Counsel
      Law Department
      100 Church Street
      New York, New York 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    Docket No.: 14-cv-6514
-------------------------------------------------------------------------------------------------------------------
MARITZA ESQUIVEL and ELVA ESQUIVEL,

                                                Plaintiffs,

                    -against-


THE CITY OF NEW YORK, JOHN and JANE DOE 1 through 40, individually and in their
official capacities (the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                                Defendants.

-------------------------------------------------------------------------------------------------------------------

                            COMPLAINT AND JURY DEMAND

-------------------------------------------------------------------------------------------------------------------
Signature (Rule 130-1.1-a)

_____
Print name beneath  SAMUEL O. MADUEGBUNA, ESQ.


                                Yours, etc.

                        MADUEGBUNA COOPER LLP
                            Attorneys for Plaintiff
                            30 Wall Street, 8th Floor
                        New York, New York 10005
                            (212) 232- 0155

To: All Counsel of Record

Service of the within is hereby admitted on
_____

Attorneys for